## SMITH *vs.* BRIGGS.

A judgment which has been satisfied and discharged of record will not be ordered to be set off against another, on motion, although it is claimed that the cancelled judgment was discharged merely for a particular purpose, and has not in fact been paid.

MOTION to set off a judgment.    On the 4th of October, 1845, the defendant Briggs recovered a judgment against the plaintiff Smith, before a justice of the peace, for $65 damages, besides costs of suit, on a note given by Smith, as security for the payment of a note held by Briggs against Anna Smith.    Briggs also recovered a judgment upon the note against Anna Smith. The plaintiff claiming that by the giving of his note he became the owner of the Anna Smith note, commenced this action in trover, in April, 1848, against Briggs for the conversion of the last mentioned note.    It was claimed by Briggs that on the 18th May, 1848, it was agreed between him and the plaintiff that Briggs should cancel his judgment against the plaintiff, and the plaintiff was then to stop this suit; and that in pursuance of said agreement, Briggs, on the 23d May, did cause a satisfaction to be entered of record before the justice, and gave notice immediately to the plaintiff's attorney.    And the certificate of the county clerk showed that the judgment was cancelled and discharged on the 23d May, 1848, by satisfaction duly acknowledged by Briggs.    A transcript had been filed and the judgment docketed in the county clerk's office on the 30th October, 1845.

This cause was brought to trial at the circuit in Otsego in July, 1848, before the late Justice Morehouse, who nonsuited the plaintiff, on the ground that trover would not lie for the conversion of the note after it had been put into a judgment, as it was then of no value.    This nonsuit was set aside and a new trial granted at the Utica general term in January, 1849.    The cause again came on to trial at the March circuit, 1849, when

the defendant offered to prove the settlement, which the court excluded, on the ground that it should have been pleaded *puis darrein continuance*; to which decision the defendant's counsel excepted, and made a case to move for a new trial. After making the case the defendant, on affidavits and notice, moved before Justice Morehouse, for leave to amend his plea, so as to give evidence of the settlement; which motion was denied without prejudice to renew the same, if the defendant should elect to abandon the case made by him in the cause. The case, however, was noticed for argument at the general term held in Madison county, in May, 1850, by the defendant's attorney, and the motion for a new trial and leave to plead the settlement puis, &c. was denied, for the reason, as stated in the affidavit on the part of the plaintiff, that the defendant had neglected to plead said settlement when he had abundant opportunity to do so, and that it did not appear from the case that the defendant offered to plead said settlement at the circuit, or on the trial of the cause. Judgment had been perfected on the verdict, and the judgment assigned to Ezra Smith, the plaintiff's attorney, for a valuable consideration. Execution had been issued, and a levy made on the 25th May, 1850, when the defendant promised to pay the money in thirty days. Afterward, on the 8th day of July, he again promised to pay the same by the 15th day of July, if the officer who held the execution would wait, which he agreed to do; but the same was not paid.

*A. Becker*, for the defendant, now moved to offset his judgment against the plaintiff, claiming, that although the same was discharged with a view to the settlement of this suit, yet that it had not proved available for that purpose, and therefore it ought to apply on the judgment obtained in this cause, inasmuch as the judgment thus discharged had not, as alledged, in fact been paid.

*S. Crippen*, opposed.

MONSON, J. This motion might commend itself to the favorable consideration of the court, could it be governed in its decis-

Smith *v.* Briggs.

ions by the conscience applicable to a particular case, or by individual notions of what is right ; a mode of administering equity, which prevailed more or less before the days of Lord Nottingham, in the reign of Charles 2, and particularly during the time of Lord Keeper Coventry, in the reign of Charles 1 ; although before that period it had been observed by Lord Bacon that " his equity was to be taken from his books and not from his brains," and that " the chancery was ordained to supply the law, not to subvert the law ;" an observation, which, like many others pronounced by that great man, was in advance of his, and more in accordance with the present age, when courts of equity are governed by settled rules and fixed general principles, and are no more exempt from the binding influence of legal precedents than the courts which administer justice according to the course of the common law. (1 *Kent's Com.* 489, 490. *Campbell's Lives of the Lord Chancellors, Vol.* 3, 329, 330 ; *Vol.* 5, 66 ; *Vol.* 2, 496.)

It is perhaps questionable whether, under the circumstances of this case, any remedy exists by which the defendant can avail himself of the judgment against the plaintiff, cancelled as it was. (*See Phil. Ev.* 949, 950. 1 *Story's Eq.* 121, 164.) But whatever might be the result were an action brought on that judgment, or a proceeding instituted with a view directly to vacate that cancellation and revive the judgment for the reasons set forth as the grounds of this motion, as it is not exactly necessary, so I shall forbear to decide. Suffice it to say that the object now, on the part of the defendant, is by motion to make the judgment pay his debt, the same as if it were not cancelled but were in full force and operation.

On motion to set off one judgment against another, the court is somewhat circumscribed as to its equity powers, due regard being had to settled principles as drawn from precedents ; that is to say, the demand which is the subject of offset, must be in judgment. The court will not set off a note. (10 *Wend.* 615.) It has refused to set off a judgment obtained before a justice of the peace on an attachment, on default of the defendant's appearance ; saying, a judgment rendered upon attachment with-

Woodburn *v.* Mosher.

out being contested, is but prima facie evidence of a debt. It is impeachable in an action upon it. (6 *Cowen*, 598.) "The spirit of the rule seems to be that the subject matter of the set-off must be clear, indisputable, and conclusive upon the party, and must have passed the ordeal of a judicial determination in a case where the court had acquired jurisdiction of the party, either by his appearance or by personal service of process upon him. In the present case the judgment sought to be set off is before a justice of the peace, and upon his docket appears to be and is in fact satisfied; and I do not see but he would be a trespasser by issuing an execution upon it, on which the defendant's property should be taken." (5 *Barb. S. C. R.* 106.) The case in Barbour, from which I have taken the preceding extract, seems to bear a close resemblance to the one now before me. An action might have been sustained on the justice's judgment, in that case, I will not say with less, but certainly, I think, with not more difficulty, than it could be upon the cancelled judgment in this case.

I am led, therefore, to the conclusion that this motion must be denied; but as the question in some of its aspects is somewhat new in practice, no costs are allowed for opposing.

Motion denied.

---

SAME TERM.    *Before the same Justices.*